AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| MELBA SANABRIA, as ADMINISTRATOR of the ESTATE of JACOB EMMANUEL ALMONTE <br><br> *Plaintiff(s)* <br> v. <br> CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS JANE DOE JOHN DOE 1-10 <br><br> *Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS JANE DOE JOHN DOE 1-10
INCLUSIVE THE NAMES OF THE LAST DEFENDANTS
being fictitious the true names of the Defendant being unknown to the Plaintiff
NEW YORK CITY LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Gregory S. Watts
Law Office of Gregory S. Watts
26 Court Street, Suite 910
Brooklyn, New York  11242

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: 01/24/2023

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MELBA SANABRIA, as ADMINISTRATOR of
the ESTATE of JACOB EMMANUEL ALMONTE

                              *Plaintiff*

- Against -

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS JANE DOE
JOHN DOE 1-10
INCLUSIVE THE NAMES OF THE LAST DEFENDANTS
being fictitious the true names of the Defendant being
unknown to the Plaintiff
                              *Defendants*

-----------------------------------------------------------------X

COMPLAINT
PLAINTIFF'S DEMAND
A JURY TRIAL

No: 1:23-cv-00558

Plaintiffs, Melba Sanabria, is the Administrator for the Estate of her son, Jacob Emmanuel Almonte, by and through her attorney, Gregory S. Watts, Esq. 26 Court St. Ste. 910 Brooklyn, NY 11242, complaining of the Defendants, The City of New York, New York City Police Department, Police Officers "John" and "Jane" Doe, 1 thru 10, collectively referred to as the Defendants, being fictitious the true names of the Defendant being unknown to the Plaintiff upon information and belief allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiffs by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983.  Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. As the deprivation of rights complained of herein occurred within the county of Queens in the State of New York.

## NATURE OF THE ACTION

4. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

5. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the negligence of the defendants, perpetrated while said defendants, police officers, were proceeding to involuntarily have Plaintiff admitted to a mental health provider/hospital.

## PARTIES

6. Melba Sanabria is a citizen of the United States, resides in Suffolk County, and is a resident of the State of New York.

7. Jacob Emmanuel Almonte was a citizen of the United States, resides in Suffolk County, and is a resident of the State of New York.

8. On July 1, 2022, Melba Sanabria was appointed the Administrator of the Estate of Jacob Emmanuel Almonte, by the Surrogate's Court, Suffolk County.

9. At all times relevant to this action, Defendant Jane and John Doe 1-10, inclusive the names of the last Defendants being fictitious, the true names of the defendants being unknown to the plaintiff are police officers with the City of New York Police Department and acting under color of state law. They are being

sued in both their individual and official capacity.

10. The defendant, the New York City Police Department, is a Municipal Agency providing law enforcement services to the residents of the City of New York.

11. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants police officers.

12. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City of New York is vicariously liable for the Defendants Police Officers' acts as described below.

## FACTUAL BACKGROUND

13. On March 13, 2022, Plaintiff was asleep in his mother's vehicle in front of 92-18 Jamaica Avenue, Queens, New York. Defendant, John Doe, a New York City police officer knocked on the window of the vehicle and requested Plaintiff to exit the vehicle.

14. The Plaintiff existed the vehicle and stood on the sidewalk next to his vehicle. Approximately five (5) patrol cars and ten (10) police officers arrived at the scene.

15. Upon information and belief, someone called 911 to report the Plaintiff asleep in his vehicle.

16. Defendants, John Doe police officers began speaking to Plaintiff and requested Plaintiff come with him. Plaintiff responded by asking John Doe police officer police officers why he should go with them because he had not done anything wrong or committed any crime.

17. The officers began grabbing at Plaintiff's clothing while he walked away from them.

18. Plaintiff was calm and was not a danger to himself or to any of the defendants. Plaintiff then entered into a store on Jamaica Avenue, called the Smoke Shop.

19. Prior to his entry into the store an unknown individual attempted to give Plaintiff a bottle of water and was instructed by Defendant, John Doe police officer to leave the area.

20. Once inside the store, Plaintiff was again asking the officer why they wanted him to go with them since he appeared calm and exhibited no threatening behavior to John Doe police officer 1 thru 10.

21. Suddenly and instantly one of the Defendant, John Doe police officers pulled out a taser from his holster and shot the Plaintiff. Plaintiff fell violently to the ground in excruciating pain. Plaintiff was shocked on the left thigh, which caused abrasion to his leg.

22. Two Defendants John Doe police officers, physically jumped on the Plaintiff's body in an attempt to restrain and handcuff plaintiff.

23. Plaintiff was crying in pain repeatedly asking the Defendant, John Doe police officer 1 thru 2, "what did I do'" "what did I do"; "why are you doing this to me"?. The Defendant, John Doe police officers rolled Plaintiff on his back while the taser was still in plaintiff's body. Plaintiff was reared cuffed by Defendant, John Doe police officers, 1-2.

24. An ambulance had arrived at the scene and EMS with the assistance of Defendant, John Doe police officers removed Plaintiff on to the gurney.

25. During the entire incident, Defendants, John Doe police officers 2 thru 10 watched as Plaintiff was being tased and violently thrown to the ground. None of the Defendant, John Doe police officers 3 thru 10 intervened or prevented their colleagues from harming Plaintiff.

26. Plaintiff was transported to Queens General for mental health evaluation. Plaintiff was kept overnight and discharged the following day.

27. The force used to restrain plaintiff was excessive and an abuse of Defendants John Doe's 1 thru 2 authority.

28. Plaintiff's conduct or behavior did not warrant the force used to subdue him to take him for a mental health evaluation.

29. At no time did Plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

30. The unlawful detention of Plaintiffs because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

31. As a direct and proximate result of Defendants' actions, Plaintiff was detained without just or probable cause.

32. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

33. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the

United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

34. By these actions, Defendants have deprived Plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

35. The above describes circumstances were captured on video by the store video system and the defendants body camera.

36. Upon his released from the hospital, Plaintiff was upset at the conduct of Defendants and began taking the prescribed medication given to him by the medical provider at Queens General Hospital.

37. On March 28, 2022, a Complaint was filed by the Plaintiff with the New York City Civilian Complaint Review Board. As of this writing, an investigation and a decision on Plaintiff's allegation is pending.

38. On March 16, 2022, Plaintiff was staying at 161 McDougal Street, Brooklyn, New York, with his girlfriend.

39. They both went to bed and in the early morning she discovered him unresponsive and sitting in the bed.

40. She called 911 and EMS responded to the location. Plaintiff was transported to Interfaith Hospital and despite the hospital staff best efforts, Plaintiff was declared dead. Plaintiff was 22 years of age.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983--Fourth, Eighth and Fourteenth Amendments--against all Defendants

41. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

42. By detaining and imprisoning Plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

43. By using excessive force, and assaulting Plaintiffs, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

44. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

45. As a direct and proximate cause of the acts of the Defendants, Plaintiffs suffered the following injuries and damages:

    A. Deprivations of liberty without due process of law;

    B. Excessive force imposed upon him;

    C. Summary punishment imposed upon him; and

    D. Denial of equal protection under the law.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND FIRST CAUSE OF ACTION:

47. At no time did Plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

48. The unlawful detention of Plaintiffs because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

49. As a direct and proximate result of Defendants' actions, Plaintiff was detained without just or probable cause.

50. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

51. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

52. By these actions, Defendants have deprived Plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants as follows:

On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   January 10, 2023
         Kings County

Yours, etc.,

GREGORY S. WATTS
Attorney for Plaintiff
26 Court Street, Suite 910
Brooklyn, New York 11242
(718) 875-5020

No: 1:23-cv-00558

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MELBA SANABRIA, as ADMINISTRATOR of
the ESTATE of JACOB EMMANUEL ALMONTE

Plaintiff(s)

-V-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS JANE DOE
JOHN DOE 1-10
INCLUSIVE THE NAMES OF THE LAST DEFENDANTS
being fictitious the true names of the Defendant being
unknown to the Plaintiff

Defendant(s)

---

# SUMMONS & COMPLAINT

---

GREGORY S. WATTS
26 Court Street, Suite 910
Brooklyn, New York 11242
Telephone: 718-875-5020
Fax: 718-237-3609

To:

*Attorney(s) for:*

---

PLEASE TAKE NOTICE

*Notice of Entry:* that the within is a certified copy of a
    entered in the office of the clerk of the within named Court on         , 2023

*Notice of Settlement:* that an Order of which the within is a true copy will be presented for settlement to
the Hon.

Dated : Kings County
    January 25, 2023